CL23001528-00

FILED by Arlington County Circuit Court
05/17/2023

)NWEALTH OF VIRGINIA



RECEIVED

MAY 17 2023

PAUL FERGUSON, CLERK
Arlington County Circuit Court
_____ Deputy Clerk

ACES

**ARLINGTON CIRCUIT COURT**
Civil Division
1425 NORTH COURTHOUSE RD
ARLINGTON VA
(703) 228-7010

CL23001528-00
MV
ROS

Proof of Service

Virginia:
In the ARLINGTON CIRCUIT COURT

Case number: 013CL23001528-00
Service number: 001
Service filed: April 21, 2023
Judge:

Served by: FAIRFAX COUNTY
Style of case: DAWN AUSTIN  vs ZOUHEIR ZAOUIA
Service on: ZOUHEIR ZAOUIA
6730 ROLFS ROAD
FALLS CHURCH VA 22042

Attorney:



Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, April 28, 2023 with a copy of the Complain
filed Friday, April 21, 2023 attached.

Hearing date :
Service issued: Friday, April 28, 2023

For Sheriff Use Only

**EXHIBIT**

**A**

☐ **PERSONAL SERVICE**  _Zaoui 4, Zouhei/_

☒ Being unable to make personal service, a copy was delivered
in the following manner:

☐ Delivered to a person found in charge of usual place of
business or employment during business hours and giving
information of its purport.

☐ Delivered to family member (not temporary sojourner or guest)
age 16 or older at usual place of abode or party named above
after giving information of its purport.  List name, age of
recipient, and relation of recipient to party named above.

_____

_____

☒ Posted on front door or such other door as appears to be the
main entrance of usual place of abode, address listed above.
(Other authorized recipient not found.)

☐ Served on a secretary of the Commonwealth.

☐ Not Found: _____

_A. Ronen 083_
**SERVING OFFICER**

_5/11/23_   for _Stacey A. McCray_
**DATE**   _DB2/m_

CL23001528-00

MV
OTH

FILED by Arlington County Circuit Court
04/21/2023

**ONS**

COMMONWEALTH OF VIRGINIA

Case No. _____

(CLERK'S OFFICE USED ONLY)

_____ Circuit Court

Dawn Austin                          v./In re: Zouheir Zaouia  and
Rasier, LLC

_____ PLAINTIFF(S)                          DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[✓] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

**MISCELLANEOUS**
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

2023 APR 21    RECEIVED    Du

[ ] Damages in the amount of $ .....250,000..... are claimed.

DATE

Dawn Austin

_____ PLAINTIFF [ ] DEFENDANT [ ] ATTORNEY FOR [ ] PLAINTIFF
PRINT NAME                                                    [ ] DEFENDANT

1603 Ridout Road    410-353-7685
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Annapolis, MD  21409

dawnaustin2015@gmail.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/14

FILED by Arlington County Circuit Court
04/21/2023

**VIRGINIA:**

# IN THE CIRCUIT COURT OF ARLINGTON COUNTY

| | |
|---|---|
| Dawn Austin, | ) |
| Plaintiff | ) |
| | ) |
| Vs. | ) Case No.: CL23-1528 |
| | ) |
| Zouheir Zaouia | ) |
| (6730 Rolfs Road, Falls Church, VA 22042); | ) |
| | ) |
| Rasier, LLC ) | ) |
| (4701 Cox Road, Ste. 285, Glen Allen, VA 23060) ) | ) |
| | ) |
| | ) |
| Farmer's Insurance | ) |
| (6301 Owensmouth Avenue, | ) |
| Woodland Hills, CA 91367); | ) |
| | ) |
| Uber Technologies, Inc., | ) |
| (1515 3rd Street, San Francisco, CA 94158) | ) |
| Defendants | ) |
| | ) |

CL23001528-00
MV
MV

2023 APR 21 PM 3:51
PAUL FERGUSON CLERK
ARLINGTON CIRCUIT COURT
RECEIVED

## Complaint

COMES NOW the Plaintiff, Dawn Austin, Pro Per, and moves for judgment

against the Defendant, Zouheir Zaouia, and the Defendant Farmer's Insurance, and

the Defendant Uber Technologies, Inc. ("UTI"), and each of them on the grounds

as hereinafter set forth:

1.  On or about April 22, 2021, at approximately 3:00 pm, the Defendant, Zouheir Zaouia, was operating his automobile on the George Washington Parkway in Arlington, Virginia.

2.  Plaintiff, Dawn Austin, was a passenger in an automobile on said highway at said time.

3.  The automobile in which Plaintiff was a passenger was stopped or slowing down on said highway for traffic ahead.

4.  On or about April 22, 2021, Zouheir Zaouia, negligently and carelessly smashed into the rear of the vehicle in which Plaintiff was a passenger.

5.  As a result of the aforesaid collision, the Plaintiff suffered serious personal injuries.

6.  As a direct and proximate result of the negligence of Defendant, Zouheir Zaouia, Plaintiff was caused to sustain serious injuries which have caused to her incur and continue to incur hospital, doctors', and related bills in an attempt to be cured of said injuries. Said injuries have resulted in the inability to work, to engage in household activities, and have resulted in pain and suffering.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, in the sum of TWO HUNDRED FIFTY THOUSAND AND NO/100

DOLLARS [$250,000.00] and her costs in this behalf expended all with interest as allowed by law.

By: _Dawn Austin_

Dawn Austin

Plaintiff, Pro Per

RECEIVED by Arlington County Circuit Court
05/30/2023 04:26:18 PM

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR ARLINGTON COUNTY

**DAWN DULANY AUSTIN**
     **Plaintiff,**

**v.**

**ZOUHEIR ZAOUIA,**
                             **Case #:**

**RASIER, LLC,**
                              **013CL2300152800**

**FARMER'S INSURANCE,**

**AND**

**UBER TECHNOLOGIES, INC.,**
     **Defendants.**

## RASIER, LLC'S MOTION TO VOID AND STRIKE COMPLAINT AND DISMISS AND ANSWER AND GROUNDS OF DEFENSE TO PLAINTIFF'S COMPLAINT

COME NOW Defendant, Rasier, LLC ("Rasier" or "Defendant"), by counsel, and for its Motion to Void and Strike Plaintiff's Complaint and Dismiss and its Answer and Grounds of Defense to Plaintiff Dawn Austin's Complaint, hereby responds as follows:

### DISPOSITIVE MOTIONS

1.     Plaintiff's Complaint, attached to the Memorandum supporting these motions as **Exhibit 4** for reference, is deficient in a number of respects.

### MOTION TO VOID AND STRIKE COMPLAINT AND TO DISMISS

2.     First and of particular note, there is no address, email address, phone number, facsimile number or other means of responding to, much less serving Plaintiff – Defendant has no way of even providing a copy of this Pleading to the Plaintiff.[1]

---

[1]    Upon searching, Defense counsel found that Plaintiff appears to be an attorney licensed in Alaska and possibly Maryland, but no current address could be found.

1

3.    Va. S. Ct. Rule 1:5A(a), titled "Signature Compliance and Defects" states: "If a pleading, motion, or other paper is not signed in compliance with Code § 8.01-271.1(A), it is defective. Such a defect renders the pleading, motion, or other paper voidable."

4.    Va. Code §8.01-271.1(A) requires that "A party who is not represented by an attorney... shall sign his pleading, motion, or other paper *__and state his address__*." Emphasis added.

5.    Va. Code §8.01-271.1(E) requires that such a signature defect be raised before the trial court.

6.    Failure to cure such signature defect within 21 days of notice requires that the Pleading at issue, in this case Plaintiff's Complaint, be stricken, and may permit an award of fees. See Rule 1:5A(c)(2); Rule 1:5A(d).

7.    As noted above, for failure to properly sign the Complaint, Defendant has no means of providing notice of that defect to Plaintiff, or even serving its responsive pleading on Plaintiff.

<u>DEMURRER</u>

8.    Second, while there are addresses included in the Complaint for all Defendants, two of the addresses, for Farmer's and Uber Technologies, Inc., are foreign addresses (California in each case) that cannot be used directly for service, and thus those parties have not been properly served.

9.    There is no basis in the Complaint for the inclusion of these addresses or for use of these addresses for service in lieu of proper addresses such as Registered Agents.

10.    Further, "Farmer's Insurance" is named as a Defendant, though no basis is given for naming the insurer directly as a party and, in fact, "evidence as to whether defendant did or did not carry liability insurance [is] irrelevant and inadmissible... based on the theory that such evidence tends to unduly influence the jury in behalf of the plaintiff." *Highway Express Lines v.*

283114692v.3

*Fleming*, 185 Va. 666, 672, 40 S.E.2d 294, 297 (1946). There is no basis whatsoever offered by the Complaint for including a named insurance company in this matter, much less upon which the Court can conclude that "Farmer's Insurance" is a proper party to this action.

11.    Finally, and most importantly, though the initial paragraph of the Complaint names all named Defendants (including those improperly named and unlikely to be properly served), the only Defendant named in any numbered paragraph of the Complaint and identified in the Complaint as having performed or failed in any action or of having any arguable duty is Defendant Zouheir Zaouia. See Compl. ¶¶ 1, 4, 6. Plaintiff has not alleged any wrongdoing against Defendant Rasier, LLC and therefore, Plaintiff has failed entirely to state a cause of action against Defendant, and Plaintiff's Complaint must be dismissed.

WHEREFORE, for the following reasons, those argued in the contemporaneously-filed supporting memorandum, and any argued in further briefing or at oral argument Defendant respectfully requests that this Court:

1. Void Plaintiff's Complaint and dismiss this matter; or IN THE ALTERNATIVE

2. Declare the Complaint voidable and require Plaintiff to correct her signature within the requisite time;

3. Strike "Farmer's Insurance" as a party and from the Pleadings as an improper party and to avoid reversible prejudice to Defendant;

4. Grant Rasier's Demurrer and strike Rasier as a party and from the Pleadings; and

5. Grant such other relief as the Court may deem appropriate.

### **FIRST DEFENSE**

Responding to the individually numbered Paragraphs of Plaintiff's Complaint *seriatim*, Defendant states:

1.      The allegations contained in Paragraph 1 do not appear to be directed at Defendant and therefore, no answer is required. To the extent an answer is required, Defendant has no independent or direct knowledge of the incident alleged and had no employee, agent, servant, or joint venturer present at the accident or accident scene, therefore this Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1. Accordingly, the allegations are denied.

2.      This Defendant has no independent or direct knowledge of the incident alleged and had no employee, agent, servant, or joint venturer present at the accident or accident scene, therefore this Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2. Accordingly, the allegations are denied.

3.      This Defendant has no independent or direct knowledge of the incident alleged and had no employee, agent, servant, or joint venturer present at the accident or accident scene, therefore this Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3. Accordingly, the allegations are denied.

4.      The allegations in Paragraph 4 are not directed at this Defendant and this Defendant cannot respond for a party other than itself. To the extent that further response is necessary, Paragraph 4 sets forth legal conclusions to which no response is necessary. To the extent that further response is necessary, the allegations in Paragraph 4 are denied.

5.      The allegations in Paragraph 5 set forth legal conclusions to which no response is necessary. To the extent that further response is necessary, the allegations in Paragraph 5 are denied.

6.      The allegations in Paragraph 6 are not directed at this Defendant and this Defendant cannot respond for a party other than itself.  To the extent that further response is necessary, Paragraph 6 sets forth legal conclusions to which no response is necessary. To the extent that further response is necessary, the allegations in Paragraph 6 are denied.

To the extent Plaintiff's *ad damnum* or "wherefore" clauses contain any allegations directed at this Defendant, those allegations are hereby denied. This Defendant denies it owes Plaintiff in any amount, to any extent, or for any reason whatsoever.

## SECOND DEFENSE

Any allegations not specifically admitted herein are denied and strict proof is demanded.

## THIRD DEFENSE

This Defendant did not owe the duties alleged in Plaintiff's Complaint to Plaintiff.

## FOURTH DEFENSE

This Defendant's acts or omissions, if any, were not a proximate cause of Plaintiff's alleged damages.

## FIFTH DEFENSE

Plaintiff's claims and causes of action, if any, are or may be barred, in whole or in part, because any injury, loss, or damages that may have been sustained were the result of an independent intervening party, agency, or instrumentality over which this Defendant had no control or right of control.

## SIXTH DEFENSE

If Plaintiff incurred the damages as alleged in the Complaint, the same did not result from any act or omission of this Defendant, but such damages, if any, were caused in whole or in part

283114692v.3

by an act or omission of persons other than this Defendant, for whose acts or omissions this Defendant is not liable.

### SEVENTH DEFENSE

Plaintiff's damages, if any, may be reduced, barred, or offset to the extent Plaintiff failed to mitigate damages.

### EIGHTH DEFENSE

Plaintiff has failed to set forth sufficient factual allegations that, if proven, would support her conclusory allegations of an agent, servant, or employment relationship between this Defendant and Defendant Zaouia. This Defendant states that Defendant Zaouia was an independent contractor, and was not an agent, employee, apparent agent, or joint venture partner of this Defendant, and there is no basis for *respondeat superior* or vicarious liability to this Defendant. Defendant Zaouia was an independent contractor responsible for his own means and methods, and this Defendant cannot be held vicariously liable for his acts.

### NINTH DEFENSE

Defendant is informed and believes, and therefore alleges, that Defendant Zaouia is contractually obligated to defend, indemnify, and hold Defendant harmless for all claims asserted by Plaintiff.

### TENTH DEFENSE

Plaintiff's Complaint may be barred by the doctrines of assumption of the risk and/or contributory negligence.

### ELEVENTH DEFENSE

The alleged injuries or damages suffered by Plaintiff, if any, are the result of circumstances and actions over which Defendant had no prior knowledge, authority, and/or control.

6

283114692v.3

## TWELFTH DEFENSE

Defendant denies that the vehicle involved in the impact with Plaintiff was owned, leased, or operated by it or any of its agents and employees.

## THIRTEENTH DEFENSE

Defendant will rely upon all defenses lawfully available to it, including, but not limited to, those already asserted herein. Defendant reserves the right to amend this answer and assert any other additional defenses which may be warranted as the discovery proceeds in this action.

WHEREFORE, having fully answered Plaintiff Dawn Austin's Complaint, Defendant, Rasier, LLC. respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice, grant it fees associated with the defense of this action, and grant them it other relief as this Honorable Court deems just and appropriate.

Dated: May ___30___ , 2023

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

_/s/ Peter M. Moore_
Peter M. Moore (VSB #82444)
Dov M. Szego (VSB #44586)
8444 Westpark Dr., Ste. 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (Fax)
Peter.Moore@wilsonelser.com
Dov.Szego@wilsonelser.com
_Counsel for Defendant Rasier, LLC_

283114692v.3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2023, I served a true and correct copy

of the forgoing via First Class US Mail Postage Prepaid on:

Zouheir Zaouia
6730 Rolfs Road
Falls Church, VA 22042
*Co-Defendant*

Farmer's Insurance
6301 Owensmouth Avenue
Woodland Hills, CA 91367
*Co-Defendant*

Uber Technologies, Inc.,
1515 3rd Street
San Francisco, CA 94158
*Co-Defendant*

No address was provided for Plaintiff Dawn Dulany Austin in the Complaint in violation

of Va. S. Ct. Rule 1:5A and Va. Code §8.01-271.1(A), which is the subject of a Motion to Void

and Strike that Complaint.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP


/s/ Peter M. Moore
Peter M. Moore (VSB #82444)
Dov M. Szego (VSB #44586)
8444 Westpark Dr., Ste. 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (Fax)
Peter.Moore@wilsonelser.com
Dov.Szego@wilsonelser.com
*Counsel for Defendant Rasier, LLC*

8